RECEIVED
SDNY PRO SE OFFICE
2022 JAN -4 AM 10:42

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**---------------------------------------------------------X**

**JAMES HUNT, Plaintiff,**

**-against**

**BRONX LEBANON HOSPITAL, AND**

**LOCAL UNION 1199, SEIU Defendants.**

**---------------------------------------------------------X**

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, James Hunt, proceeding Pro Se, respectfully alleges as follow:

**NATURE OF THE ACTION**

1. This is an action against Defendant Bronx Lebanon Hospital, for discrimination based on Race and Retaliation as protected by 42 U.S.C § 1981, as well as the New York City Human Rights Law Administrative Code §§ 8-101 et seq., (the "Code").

2. Plaintiff also brings this action against both Defendants Bronx Lebanon Hospital and Local Union 1199, SEIU, pursuant to the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (the "LMRA"), seeking back pay, reinstatement to his former position at Bronx Lebanon Hospital, with full benefits including other forms of compensation, compensatory and other damages including attorney's fees and costs.

**JURISDICTION AND VENUE**

3. The jurisdiction of the Court over this controversy as to the enforcement of the provision of 42 U.S.C. § 1981, is based upon 28 U.S.C. § 1331. Moreover, jurisdiction of this Court over the controversy as to the LMRA is based upon 29 U.S.C. § 301.

4. Supplemental jurisdiction of the Court over the City claims brought under the Code, is based upon 28 U.S.C. § 1367(a).

5. The unlawful employment practices alleged below were committed within this District. Accordingly, venue lies within the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. At all relevant times hereinafter mentioned, Plaintiff James Hunt (hereinafter "Plaintiff" or "Hunt") was and is a resident of Bronx County, State of New York.

7. Upon information and belief, at all relevant times hereinafter mentioned, Defendant Bronx Lebanon Hospital, (hereinafter "BLH" or "Employer"), was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business, located at 1276 Fulton, Bronx, NY 10462.

8. Upon information and belief, at all relevant times hereinafter mentioned, Defendant Local Union 1199 SEIU (hereinafter "Union"), was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business, located at 310 W 43rd St, New York, NY 10036.

## STATEMENT OF FACTS

9. In May 2007, Plaintiff began his employment with Defendant Employer BLH as a Security Officer.

10. Throughout his tenure with BLH, Plaintiff's work performance, time, and attendance were satisfactory.

11. Throughout his employment with BLH, from at least November 2011 to December 30, 2016, Plaintiff was a member of Defendant Local Union 1199 SEIU.

13. Defendant Union, as Hunt's Representative, had a duty to diligently investigate all allegations leveled against its members, including Plaintiff, by BLH, to ascertain the truth or falsity of same, and to represent and treat all Union members, including Plaintiff, equally. Furthermore, the Union had a duty to timely notify its members of any adverse employment decisions contemplated, or that have taken place. Additionally, Defendant Union had a duty to challenge BLH's arbitrary, capricious, irrational employment decisions that were inconsistent with the evidence in the record.

14. Since at least Spring of 2007, Plaintiff has been supervised by Sargent Hector Santiago, and Sargent Maelo Cintron, and assigned as a Security Officer at BLH's Health Services Psychiatric Department.

15. Plaintiff is African American.

16. During the last year of his tenure, Plaintiff began to suffer significant verbal and mental abuse by his immediate supervisors, especially Ms. Denise Davis, BLH's Security Director (hereafter "Davis").

17. On March 21, 2017, Plaintiff Hunt attempted to use the restroom and retrieved the security key from my locker. As I left my post on the 5th Floor Psychiatric Unit, I got on the elevator and the elevator went into fire department recall as it went to the first floor. Security Officer Jose Lebron told me that there was a Code Blue on the 5th Floor but I didn't hear the overhead page and anything on the 2-way radio. I then returned back to the 5th Floor with Officer Lebron. Once I got back on the 5th floor Unit, Supervisor Cintron asked me where I was and I stated to him that I attempted to use the bathroom. Then, in front of all the staf that responded to the Code Blue, Supervisor Cintron, in a condescending and humiliating way, dismissed me from work. Supervisor Cintron clearly violated my privacy rights in front of other staff members and failed to offer a "sit down" and "discuss" it with a Union Delegate.

18. I then went to speak with Security Director Denise Davis about the situation and she also was very unprofessional and disrespectful. Director Davis stated "that she should have written me up for an incident that took place in August of 2016. Concerning this August 2016 incident, a gentlemen entered

the Life Recovery Building with no information and used profanity at me and then committed trespassing (walking through the building without an appointment). I called the security officer for assistance and the gentlemen returned, took my name from my hospital identification card. Then the gentlemen reported me to the justice center for people with special needs. The investigation was reported to me by Security Director Davis and my Union Organizer Ms. Guralda Mitten 1199SEIU as "unsubstantiated". Security Director Davis was then resentful and hostile because I notified Ms. Guralda Mitten that she demanded that I go to Anger Management when it's a fact that I don't have a behavior issue.

**DAMAGES**

19. As a direct and proximate consequence of Defendants' intentional and unlawful conduct, Plaintiff has suffered and continues to suffer loss of wages, other non-pecuniary losses, including but not limited to emotional pain and anxiety.

AS FOR A FIRST CAUSE OF ACTION: 42 U.S.C. § 1981
(Race, Hostile Work Environment, and Retaliation Discrimination Claims By
Plaintiff against Defendant Bronx Lebanon Hospital)

20. Plaintiff James Hunt re-pleads and re-avers each and every one of the allegations set forth in Paragraphs 1-19of this Verified Complaint with the same force and effect as if each was fully set forth herein.

21. Plaintiff is an African American Male,, who engaged in Protected Activity. As such, he is a member of a protected class under 42 U.S.C. § 1981.

22. In May 2007, Plaintiff began his employment with Defendant Employer BLH, as a Security Officer.

23. In May 2007, Plaintiff was appointed by Employer BLH as a permanent full-time employee, with the commensurate terms and benefits of such permanent appointment.

24. Throughout his tenure with BLH, Plaintiff's work performance, time, and attendance were satisfactory.

25. Throughout his employment with BLH, from at least May 2007 to May 2017, Plaintiff was a member of Defendant Local Union 1199 SEIU. 45. During the last year of his tenure, Plaintiff began to suffer significant verbal and mental abuse by his immediate supervisors, especially Security Director Davis and Sargent Cintron.

AND AS FOR A SECOND CAUSE OF ACTION:
New York City Administrative Code §§ 8-101 et seq.
(Violation Of The New York City Human Rights Law by
Plaintiff against Bronx Lebanon Hospital)

26. Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs 1-25 of this Verified Complaint with the same force and effect as if each were fully set forth herein.

27. Plaintiff is a African American Male, who engaged in Protected Activity. As such, he is a member of a protected class under New York City Human Rights Law, Administrative Code § 8-101 et seq., as it relates to Race/Ethnicity. In May 2007, Plaintiff began his employment with Defendant Employer BLH, as a Security Officer.

28. In May 2007, Plaintiff was appointed by Employer BLH as a permanent full-time employee, with the commensurate terms and benefits of such permanent appointment.

29. Throughout his tenure with BLH, Plaintiff's work performance, time, and attendance were satisfactory.

30. Throughout his employment with BLH, from at least May 2007 to May 2017, Plaintiff was a member of Defendant Local Union 1199 SEIU. 63. During the last year of his tenure, Plaintiff began to suffer significant verbal and mental abuse by his immediate supervisors, especially Security Director Davis and Sargent Cintron.

AS FOR A THIRD CAUSE OF ACTION

(Union's Violation of its Duty of Fair Representation and Fiduciary Duty to Plaintiff)

31. Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs 1-30 of this Verified Complaint with the same force and effect as if each were fully set forth herein.

32. Plaintiff is a African American Male, who engaged in Protected Activity. As such, he is a member of a protected class under New York City Human Rights Law, Administrative Code § 8-101 et seq., as it relates to Race/Ethnicity. In May 2007, Plaintiff began his employment with Defendant Employer BLH, as a Security Officer.

33. In May 2007, Plaintiff was appointed by Employer BLH as a permanent full-time employee, with the commensurate terms and benefits of such permanent appointment.

34. Throughout his tenure with BLH, Plaintiff's work performance, time, and attendance were satisfactory.

35. Throughout his employment with BLH, from at least May 2007 to May 2017, Plaintiff was a member of Defendant Local Union 1199 SEIU. 63. During the last year of his tenure, Plaintiff began to suffer significant verbal and mental abuse by his immediate supervisors, especially Security Director Davis and Sargent Cintron.

AS FOR A FOURTH CAUSE OF ACTION

(Breach of Contract Claim against BLH, by Plaintiff)

36. Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs 1-30 of this Verified Complaint with the same force and effect as if each were fully set forth herein.

37. Plaintiff is a African American Male, who engaged in Protected Activity. As such, he is a member of a protected class under New York City Human Rights Law, Administrative Code § 8-101 et seq., as it relates to Race/Ethnicity. In May 2007, Plaintiff began his employment with Defendant Employer BLH, as a Security Officer.

38. In May 2007, Plaintiff was appointed by Employer BLH as a permanent full-time employee, with the commensurate terms and benefits of such permanent appointment.

39. Throughout his tenure with BLH, Plaintiff's work performance, time, and attendance were satisfactory.

40. Throughout his employment with BLH, from at least May 2007 to May 2017, Plaintiff was a member of Defendant Local Union 1199 SEIU. 63. During the last year of his tenure, Plaintiff began to suffer significant verbal and mental abuse by his immediate supervisors, especially Security Director Davis and Sargent Cintron.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff James Hunt, hereby respectfully requests that judgment be entered in his behalf and against Defendants, as follows:

(A) As to the First and Second Causes of Action, requiring Defendant Employer, to pay an award of back pay, reinstatement or front pay, compensatory and punitive damages, attorney's fees as well as costs and disbursements, pursuant to 42 U.S.C. § 1981 and NYCHRL Administrative Code §§ 8-101, et seq., respectively;

(B) As to the Third Cause of Action, requiring Defendant Union to pay an award of back pay, other compensatory damages, as well as attorney's fees and disbursements, pursuant to 29 U.S.C. § 185;

(C) As to the Fourth Cause of Action, requiring Defendant Employer to reinstate Plaintiff, make him whole, award him compensatory damages, as well as attorney's fees and disbursements, pursuant to 29 U.S.C. § 185; and

(D) For such other and further relief that seems just and proper to this Honorable Court.

JURY DEMAND

Plaintiff respectfully demands a trial by jury in this action.

DATE: 12/27/21

James Hunt

James Hunt

2055 Raymond Avenue Apt 2F

Bronx, NY 10462

DECLARATION OF JAMES HUNT

JAMES HUNT hereby declares under penalty of perjury: I have read the foregoing Statement of Facts Portion of the Verified Complaint, and know the contents thereof; that the same is based on my personal knowledge, except as to the matters therein stated to be made upon information and belief, and that as to those matters, I believe them to be true. I declare, pursuant to 28 U.S.C § 1746, under penalty of perjury, that the forgoing is true and correct.

DATE: 12/27/21

James Hunt

UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

PRIORITY MAIL POSTAGE REQUIRED




- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domest
- Limited international insurance.**
- When used internationally, a customs

*Insurance does not cover certain items. For deta Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps

MAILING ENVEL
FOR DOMESTIC AND INTERNA

UNITED STATES POSTAL SERVICE. Ret il

P

US POSTAGE PAID
$7.70
Origin: 104
12/30/21
35091201 15

PRIORITY MAIL 1-DAY®

0 Lb 6.4 Oz
1( 5

EXPECTED DELIVERY DAY: 01/03/22

SHIP TO:
NEW YORK NY 10277

USPS TRACKING® #

9505 5141 9822 1364 4993 95

FROM:
James Hunt
2055 St. Raymonds Ave
Bronx, NY 10462

USMP3 NY

TO:
Clerk of Courts
Pro Se Intake Unit
500 Pearl Street
United States District Court
for the Southern District of New York
New York, New York
10277

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

TRACKED ■ INSURED

PS00000000013

EP14 May 2020
OD: 11 5/8 x 15 1/8

2022 JAN -4 AM 10: 22
SDNY PRO SE OFFICE
RECEIVED

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14 © U.S. Postal Service; March 2020; All rights reserved.

DuPont™ Tyvek® Protect What's Inside.™