UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES HUNT,

Plaintiff,

-against-

BRONX LEBANON HOSPITAL; LOCAL
UNION 1199, SEIU,

Defendants.

22-CV-0054 (LTS)

ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1981, and the New York State and
City Human Rights Laws, alleging that his employer, Bronx Lebanon Hospital, discriminated
against him because of his race. He also asserts claims against his union, Local Union 1199,
under the Labor Management Relations Act (LMRA).

By order dated January 26, 2022, the Court granted Plaintiff's request to proceed *in
forma pauperis* (IFP). For the reasons set forth below, the Court directs Plaintiff to show cause
why the complaint should not be dismissed as untimely.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or
malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.
Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a
complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While
the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*
pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint. Plaintiff, who describes himself as an African American male, worked at Bronx Lebanon Hospital (BLH) from 2007 until March 21, 2017, when he was fired from his job as a security officer. Immediately following his firing, Plaintiff spoke with a security director, Denise Davis, who stated that she "should have written [Plaintiff] up for an incident that took place in August 2016." (ECF 2, at 3.)  Plaintiff claims that he was subjected to racial discrimination, retaliation for protected activity, and a racially-based hostile work environment.  (ECF 2, at 1, 4.)

Plaintiff contends that his union, Defendant Local Union 1199, SEIU, "had a duty to challenge BLH's arbitrary, capricious, irrational employment decisions that were inconsistent with the evidence in the record," but failed to do so. (ECF 2, at 3.)

## DISCUSSION

**A.     Statute of Limitations**

1.     Plaintiff's Section 1981 Claims Are Time Barred

Plaintiff's Section 1981 claims appear to be time barred. Courts apply a four-year statute of limitation period for some claims brought under Section 1981, borrowing from 28 U.S.C. 1658.[1] *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 375, (2004) (claims under Section 1981 are governed by a four-year statute of limitations "if the plaintiff's claim against the

---

[1] Section 1658, which was enacted in 1990, provides that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." The Court construes Plaintiff's complaint as asserting claims based on provisions of Section 1981 that were enacted in the year 1991.

defendant was made possible by" an Act of Congress enacted after December 1, 1990); *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018) (noting that the plaintiff sought to bring his complaint under Section 1981 "because some [of those] claims have a four-year statute of limitations").

Looking only to the face of the operative pleading, therefore, the Court concludes that the Section 1981 claims against BLH are time barred, as Plaintiff was fired on March 21, 2017, but did not file this action until January 4, 2022, more than four years later.

2.      Plaintiff's LMRA Claims Are Time Barred

An employee may bring a claim under Section 301 of the LMRA against his union and/or his employer if (1) the employer breached a collective bargaining agreement, and (2) the union breached its duty of fair representation in redressing the employee's grievances against the employer. *See White v. White Rose Food*, 128 F.3d 110, 113-14 (2d Cir. 1997). The employer's duty to honor the collective bargaining agreement is governed by Section 301 of the LMRA, 29 U.S.C. § 185, *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983), and the union's duty of fair representation of its members is implied under the scheme set forth in Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), *White*, 128 F.3d at 114. In a "hybrid § 301/fair representation" matter, the employee may sue the union or the employer, or both, but must allege violations on the part of both. *DelCostello*, 462 U.S. at 165.

There is a six-month limitations period for suits asserting hybrid claims under Section 301 of the LMRA. It begins to run from "the time when plaintiff[] knew or reasonably should have known that such a breach had occurred." *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995) (citing *DelCostello*, 462 U.S. at 169); *see also White*, 128 F.3d at 114.

As Plaintiff's hybrid claims are based on his firing and his union's alleged failure to represent him in 2017, his hybrid claims, filed in 2022, appear to be time barred under the applicable six-month limitations period.

3.    Equitable Tolling

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002). In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled.[2] N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society").

Plaintiff does not allege facts suggesting that the statute of limitations should be equitably tolled in this case.

---

[2] New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).  None of these provisions appears to be applicable here.

4.      Notice and Opportunity to Be Heard

Because the failure to file an action within the limitations period is an affirmative

defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v.*

*Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence

of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading.

*See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)

("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain

circumstances where the facts supporting the statute of limitations defense are set forth in the

papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v.*

*Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on

statute of limitations grounds). But district courts should provide notice and grant an opportunity

to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds. *See*

*Abbas*, 480 F.3d at 640.

The Court therefore directs Plaintiff to file a declaration within 60 days of the date of this

order, stating why the complaint should not be dismissed as time barred. Plaintiff may include

any facts showing that the Court should apply the doctrine of equitable tolling.

## CONCLUSION

The Court directs Plaintiff to file a declaration within 60 days of the date of this order

showing why the complaint should not be dismissed as time barred. Plaintiff must submit the

declaration to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the

document as a "Declaration," and label the document with docket number 22-CV-0054 (LTS). A

declaration form is attached to this order. No summons will issue at this time. If Plaintiff fails to

comply within the time allowed, and he cannot show good cause to excuse such failure, the

complaint will be dismissed as time barred by the statute of limitations.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 7, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____                    _____
Executed on (date)                          Signature

_____            _____
Name                                         Prison Identification # (if incarcerated)

_____            _____  _____  _____
Address                                      City               State       Zip Code

_____            _____
Telephone Number (if available)             E-mail Address (if available)