UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES HUNT,<br><br>                           Plaintiff,<br><br>          -against-<br><br>BRONX LEBANON HOSPITAL; LOCAL UNION 1199, SEIU,<br><br>                           Defendants. | 22-CV-0054 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1981, and the New York State and City Human Rights Laws, alleging that his employer, Bronx Lebanon Hospital ("Bronx Lebanon"), discriminated against him because of his race. He also asserts claims against his union, Local Union 1199 SEIU ("1199 SEIU"), under the Labor Management Relations Act ("LMRA").

By order dated February 7, 2022, the Court directed Plaintiff to show cause why the complaint should not be dismissed as untimely. On April 15, 2022, Plaintiff filed a declaration, which the Court has reviewed. For the reasons set forth below, the Court dismisses the complaint as time barred, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* ("IFP") complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In the original complaint, Plaintiff indicated that, in 2017, Defendant Bronx Lebanon fired him from his job (ECF 2, at 3) ("On March 21, 2017, . . . Supervisor Cintron . . . dismissed me from work."), and Defendant 1199 SEIU failed to represent him during proceedings after this firing; Plaintiff also suggested that Bronx Lebanon breached a collective bargaining agreement. In the February 7, 2022, order, the Court noted that the statute of limitations for (1) a discrimination claim brought under Section 1981 is four years from the date of the discriminatory conduct, and (2) a claim of breach of the collective bargaining agreement and the duty of fair representation – brought under the LMRA as to the employer and Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), as to the union – is six months from the relevant breach. The Court found that, because the time to file this action likely expired in 2021 for the Section 1981 claims and six months from the alleged collective bargaining agreement and duty breaches in 2017, the claims appeared to be time barred.

In the declaration, Plaintiff contends that, based on statements contained in a December 30, 2019, letter from 1199 SEIU, his claims are timely. He argues that 1199 SEIU "state[d] that Plaintiff Hunt did not become aware of his termination until the beginning of 2019, not 2017 as the Court implied." (ECF 7, at 3.) He asserts that "[t]he Union never sent a Termination Notice to Petitioner Hunt until December 30, 2019." (*Id.*) Plaintiff attaches to his declaration 1199 SEIU's letter that states the following:

> [This letter] is in response to your recent inquiries concerning the grievance and arbitration that was brought on your behalf concerning your termination from Bronx Lebanon. As you are aware and have been since early 2019, the arbitrator upheld your termination. We have investigated your allegations concerning the grievance and arbitration process and found them to be without merit.
>
> Contrary to your claims the Union was fully prepared for the grievance and arbitration.

(*Id.* at 4.)

## DISCUSSION

### A.  Section 1981 Claims Are Time Barred

Plaintiff's declaration does not suggest that his Section 1981 claims are timely. As noted in the February 7, 2022, order, courts apply a four-year statute of limitation period for claims brought under Section 1981. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 375, (2004). To determine when a statute of limitation period commences, courts look to the date "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002) (internal quotation marks omitted).

Plaintiff states in his complaint that he was fired on March 21, 2017. (ECF 2, at 3) ("On March 21, 2017, . . . Supervisor Cintron . . . dismissed me from work."). In his declaration, he states that he "did not become aware of his termination until the beginning of 2019[.]" (ECF 7, at 3.) This allegation suggests that Plaintiff did not know he was fired until nearly two years after his firing. Such a suggestion is both implausible and contradicted by statements contained in the letter Plaintiff attaches to his declaration, in which 1199 SEIU states that Plaintiff learned of the arbitrator's decision upholding his termination in early 2019.

Because the complaint states on its face that Plaintiff was fired on March 21, 2017, and he bases his Section 1981 claim on this firing, the facts that Plaintiff has placed before the Court show that the statute of limitations for his Section 1981 claim commenced on the date of the

3

firing. Four years later, on March 21, 2021, the statute of limitations expired. As Plaintiff did not file this action until January 4, 2022, his Section 1981 claim is time barred. Because dismissal on statute of limitation grounds is a dismissal for failure to state a claim, *see Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)) (dismissal because of the statute of limitations is for failure to state a claim on which relief may be granted), the Court dismisses the Section 1981 claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Plaintiff's LMRA Claims Are Time Barred**

Plaintiff asserts claims against his employer and union, arising out of the grievance and arbitration process. In the February 7, 2022, order, the Court construed these claims as brought against Bronx Lebanon for breach of a collective bargaining agreement and against 1199 SEIU for a breach of its duty of fair representation. The Court explained that these claims accrued six months after the alleged breach of the collective bargaining agreement and duty of fair representation. *See Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995) (claims against employer and union begin to run from "the time when plaintiff[] knew or reasonably should have known that such a breach had occurred").

Plaintiff asserts in his declaration that he learned of his termination when he received 1199 SEIU's December 30, 2019, letter. This letter, however, concerns Plaintiff's knowledge in early 2019 of an arbitrator's decision upholding Plaintiff's termination; it does not address Plaintiff's knowledge of the termination itself. Furthermore, even if the Court were to assume that Plaintiff's breach claims against Bronx Lebanon and 1199 SEIU accrued in late December 2019, the claims would still be time barred because he had only six months to bring such claims. The Court therefore dismisses Plaintiff's breach of collective bargaining agreement and duty of fair representation claims for failure to state a claim upon which relief may be granted. *See* 28

U.S.C. § 1915(e)(2)(B)(ii); *Akassy*, 887 F.3d at 95 (dismissal on statute of limitation grounds is a dismissal for failure to state a claim).

**C.     Leave to Amend Granted**

The Court has provided Plaintiff with notice that his claims are time barred and an opportunity to address the timeliness of his claims, including an opportunity to assert facts suggesting that the statute of limitations should be tolled for equitable reasons. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (holding that district courts should provide notice and grant an opportunity to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds). Plaintiff's declaration does not suggest that Plaintiff's claims are timely or that the statute of limitations should be tolled. The Court therefore concludes that they are time barred. In light of his *pro se* status, however, and the possibility that the timeline provided by Plaintiff in his complaint may not capture more recent events, the Court grants Plaintiff 30 days' leave to file an amended complaint. Should he choose to file an amended pleading, he must, at the very least, provide the following dates: (1) the date he was terminated from his position at Bronx Lebanon; (2) the date he filed a grievance challenging his termination; and (3) the date the arbitrator upheld his termination.

The Court strongly encourages Plaintiff to contact the New York Legal Assistance Group ("NYLAG"), an organization that provides free legal advice to self-represented plaintiffs and defendants in this court. A flyer from NYLAG is attached to this order.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge

# Notice For Pro Se Litigants



**As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.**

**Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.**

**If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.**

**Please be patient because our responses to your messages may be delayed while we transition to phone appointments.**

